IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RAYMUNDO GARCIA-QUIROZ,** | ) | |
| Plaintiff, | ) | **Civil Action No. 10-92 Erie** |
| | ) | |
| v. | ) | |
| | ) | **Magistrate Judge Baxter** |
| **FRANCISCO QUINTANA, et al,** | ) | |
| Defendants. | ) | |

**OPINION & ORDER**

United States Magistrate Judge Susan Paradise Baxter

**I.  INTRODUCTION**

  **A.  Relevant Procedural History**

Plaintiff, acting *pro se*, filed this civil action on April 19, 2010. At the time of the filing of the complaint, Plaintiff was a federal inmate incarcerated at the Federal Correctional Institution at McKean in Bradford, Pennsylvania ("FCI-McKean"). Plaintiff complains that he received inadequate medical care and treatment after he slipped on a sidewalk and suffered a wrist fracture. [ECF No. 7].

Named as Defendants are: Francisco Quintana, former Warden at FCI-McKean; Dr. Olson, Medical Director at FCI-McKean; and Dr. Johe, a physician at St. Mary's Regional Medical Center. All parties have consented to the jurisdiction of the United States Magistrate Judge. [ECF Nos. 2, 29]. Defendants have since filed dispositive motions. [ECF Nos. 20 and 26]. Despite being given the opportunity to file an opposition brief to each of those motions (see ECF Nos. 23 and 28), Plaintiff has failed to do so.

1

On July 28, 2011, this Court was informed that Plaintiff was released from federal custody in December of 2010 and was thereafter deported from the United States. [ECF No. 30]. Following his deportation, Plaintiff re-entered the United States, was re-apprehended, and is currently facing criminal charges for illegal re-entry of a deported alien. [Id]. Since the time of his release from federal custody, Plaintiff has not notified this Court of his whereabouts.[1]

**B.    Discussion**

**1.    *Poulis* Analysis**

Under Rule 41(b), a district court may dismiss an action *sua sponte* due to a plaintiff's failure to prosecute the case. See Lopez v. Cousins, 2011 WL 2489897, at *1 (3d Cir. June 23, 2011). In order for a court to determine whether dismissal of a case is appropriate, the Third Circuit has set out a six-factor balancing test which requires consideration of:  1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984). There is no "magic formula" for balancing the so-called *Poulis* factors, and not all of the six factors need to be satisfied in order to warrant dismissal. See Karpiel v. Ogg, Cordes, Murphy & Ignelzi, L.L.P., 405 Fed.Appx 592, 595 (3d Cir. 2010), citing Mindek v. Rigatti, 964 F.2d 1369,

---

[1] The docket indicates that Plaintiff knew he was scheduled for deportation and expressed his wish that his sister continue his case in his absence. [ECF Nos. 18, 19]. However, Plaintiff's sister has never contacted this Court nor would she have standing to continue this matter on his behalf. See Powers v. Ohio, 499 U.S. 400 (1991).

1373 (3d Cir. 1992) and Ware v. Rodale Press, Inc., 322 F.3d 218, 221 (3d Cir. 2003). Applying the *Poulis* factors to the present matter, this matter should be dismissed.

### a. Extent of Personal Responsibility

This first *Poulis* fact weighs heavily in favor of dismissal. During the pendency of any litigation, the parties are under a continuing obligation to keep the Court informed of their address. In a case filed *pro se*, this is solely the obligation of the plaintiff and Plaintiff was advised of this obligation by way of the Pro Se Instructions from the Clerk of Courts. Plaintiff is proceeding *pro se* and therefore bears full responsibility for any failure in the prosecution of his claims. See Briscoe v. Klaus, 538 F.3d 252, 258-59 (3d Cir. 2008) (a *pro se* plaintiff is personally responsible for the progress of his case and compliance with a court's orders.).

### b. Prejudice to the Adversary

Plaintiff's continuing failure to inform this Court or his adversaries of his current address makes it impossible to determine his interest in pursuing this action, nor can this matter proceed. The inability to proceed in the normal course requires this Court to find that Defendants are prejudiced by Plaintiff's failure to prosecute this case.

### c. History of Dilatoriness

Here, Plaintiff has failed to file briefs in opposition to the pending dispositive motions. In addition, Plaintiff was released from federal custody over seven months ago and has made no attempt to contact this Court.

### d. Willful or bad faith acts by Plaintiff

There is no evidence of bad faith by Plaintiff in this case and so this factor is neutral.

### e. Effectiveness of Alternative Sanctions

As to the fifth *Poulis* factor, no alternate sanctions are appropriate. Alternative sanctions, such as monetary penalties, are inappropriate as sanctions with indigent *pro se* parties, such as Plaintiff Garcia-Quiroz. See Emerson v. Thiel College, 296 F.3d 184, 191 (3d Cir. 2002). The Court is left with no means of communicating with Plaintiff to impose any lesser sanction than dismissal of this case.

### f. Meritoriousness of Claims or Defenses

Generally, courts use the standard for a Rule 12(b)(6) motion to dismiss to decide if a claim is meritorious. Briscoe, 538 F.3d at 263. A claim or defense will be considered meritorious if the allegations of the pleadings, if established at trial, would support recovery by the plaintiff or constitute a complete defense. Id.; Poulis, 747 F.2d at 869-70. In Briscoe, the district court found that the plaintiff's claims had some merit because they cleared the summary judgment phase and were sufficient to proceed to trial. 538 F.3d at 263. Conversely, where a plaintiff raises a facially meritorious claim but the defendant raises a *prima facie* defense, the meritoriousness factor may not weigh in the plaintiff's favor and may be considered neutral. Emerson, 296 F.3d at 191.

Defendants Quintana and Olson have filed a motion to dismiss or in the alternative for summary judgment on the following bases: failure to exhaust administrative remedies in accordance with the requirements of the PLRA and FTCA; lack of personal involvement;

4

qualified immunity of Quintana; and failure to state a claim upon which relief may be granted. [ECF No. 26]. Defendant Johe has filed a motion to dismiss based on Plaintiff's failure to state a claim upon which relief may be granted. [ECF No. 21].

Here, this factor is neutral as Defendants have raised numerous *prima facie* defenses to the claims asserted in the complaint.

In sum, four of the six Poulis factors weigh heavily in favor of dismissal of this action, and, in the absence of Plaintiff, this Court is left with no choice but to dismiss this case due to Plaintiff's failure to prosecute.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RAYMUNDO GARCIA-QUIROZ,** | ) | |
| Plaintiff, | ) | Civil Action No. 10-92 Erie |
| | ) | |
| v. | ) | |
| | ) | |
| **FRANCISCO QUINTANA, et al,** | ) | Magistrate Judge Baxter |
| Defendants. | ) | |

# **O R D E R**

AND NOW, this 26th day of September, 2011;

IT IS HEREBY ORDERED that the instant civil rights action be dismissed pursuant to Fed.R.Civ.P. 41(b), due to Plaintiff's failure to prosecute this case.

IT IS FURTHER ORDERED that Defendants' pending dispositive motions [ECF Nos. 20 and 26] are dismissed as moot.

The Clerk is directed to close this case.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge