IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RAYMUNDO GARCIA-QUIROZ,  )
      Plaintiff,  )    Civil Action No. 10-92 Erie
      )
v.  )
      )    Magistrate Judge Baxter
FRANCISCO QUINTANA, et al,  )
      Defendants.  )

# OPINION & ORDER

United States Magistrate Judge Susan Paradise Baxter

## I.   INTRODUCTION

### A.  Relevant Procedural and Factual History

On April 19, 2010, Plaintiff filed this *pro se* civil rights action pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). At the time of the filing of the complaint, Plaintiff was a federal inmate incarcerated at the Federal Correctional Institution at McKean in Bradford, Pennsylvania ("FCI-McKean"). Named as Defendants are: Francisco Quintana, former Warden at FCI-McKean ("Quintana"); Dr. Olson, Medical Director at FCI-McKean ("Olson"); and Dr. Johe, a physician at St. Mary's Regional Medical Center ("Johe"). All parties have consented to the jurisdiction of the United States Magistrate Judge. [ECF Nos. 2, 29].

Plaintiff complains that he received inadequate medical care and treatment, and was subjected to race-based discrimination, after he slipped on an icy sidewalk and suffered a wrist fracture on February 12, 2009. [ECF No. 7]. In particular, Plaintiff alleges that he was initially

1

sent to St. Mary's Medical Center, where he was misdiagnosed with a wrist sprain. He then alleges that after several months of complaining, medical staff at FCI-McKean x-rayed his wrist and confirmed that it was broken, not sprained. He now claims that he suffers "nearly unbearable pain and permanent damage to [his] wrist" as a result of the misdiagnosis and non-treatment of his broken wrist for a two month period. As relief for his claims, Plaintiff seeks monetary damages.

On July 31, 2012, Defendant Johe filed a motion to dismiss Plaintiff's complaint, asserting that Plaintiff has failed to state a cause of action upon which relief may be granted. [ECF No. 35]. On August 1, 2012, Defendants Quintana and Olson filed their own motion to dismiss, or in the alternative, motion for summary judgment [ECF No. 37], arguing that Plaintiff has failed to exhaust his administrative remedies and has otherwise failed to state a cause of action upon which relief may be granted. In response to Defendants' motions, Plaintiff has filed his own motion for summary judgment [ECF No. 40]. This matter is now ripe for consideration.

### B. Standards of Review

#### 1. Motion to Dismiss

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)(rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41

(1957)). See also Ashcroft v. Iqbal, 556 U.S. 662 (2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

The Court need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D.Del. February 19, 2008) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556.

Recently, the Third Circuit Court prescribed the following three-step approach to determine the sufficiency of a complaint under Twombly and Iqbal:

> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

3

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011), citing Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (quoting Iqbal, 129 S.Ct. at 1947, 1950); see also Great Western Mining & Min. Co. v. Rothschild LLP, 615 F.3d 159, 177 (3d Cir. 2010).

### 2. **Summary Judgment**

Federal Rule of Civil Procedure 56(c)(2) provides that summary judgment shall be granted if the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Rule 56(e)(2) further provides that when a motion for summary judgment is made and supported, "an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party."

A district court may grant summary judgment for the defendant when the plaintiff has failed to present any genuine issues of material fact. Fed.R.Civ.P. 56(c). The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims. Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986); Andreoli v. Gates, 482 F.3d 641, 647 (3d Cir. 2007); UPMC Health System v. Metropolitan Life Ins. Co., 391 F.3d 497, 502 (3d Cir. 2004).

The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial. Fed.R.Civ.P. 56(e); Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460-461 (3d Cir. 1989)(the non-movant must present affirmative evidence - more than a scintilla but less than a preponderance - which supports each element of his claim to defeat a

4

properly presented motion for summary judgment). The non-moving party must go beyond the pleadings and show specific facts by affidavit or by information contained in the filed documents (i.e., depositions, answers to interrogatories and admissions) to meet his burden of proving elements essential to his claim. Celotex, 477 U.S. at 322. See also Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001). The non-moving party "must present more than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue." Garcia v. Kimmell, 2010 WL 2089639, at * 1 (3d Cir. 2010) quoting Podobnik v. U.S. Postal Serv., 409 F.3d 584, 594 (3d Cir. 2005).

When considering a motion for summary judgment, the court is not permitted to weigh the evidence or to make credibility determinations, but is limited to deciding whether there are any disputed issues and, if there are, whether they are both genuine and material. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). The court must consider the evidence, and all reasonable inferences which may be drawn from it, in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). See also El v. SEPTA, 479 F.3d 232, 238 (3d Cir. 2007).

A material fact is a fact whose resolution will affect the outcome of the case under applicable law. Anderson, 477 U.S. at 248. Summary judgment is only precluded if the dispute about a material fact is "genuine," i.e., if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Id. at 247-249.

### 3. *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520 (1972). If the

court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. See Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969)("petition prepared by a prisoner... may be inartfully drawn and should be read 'with a measure of tolerance'"); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997)(overruled on other grounds). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

### C. Exhaustion of Administrative Remedies

Defendants Quintana and Olson argue that Plaintiff has failed to exhaust his administrative remedies in accordance with the requirements of the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) ("PLRA").

#### 1. The Exhaustion Requirement

The PLRA provides that:

> no action shall be brought with respect to prison conditions under section 1983 of this title ... by a prisoner confined in any jail, prisons, or other correctional facility until such administrative remedies as are available are exhausted.[1]

---

[1] It is not a plaintiff's burden to affirmatively plead exhaustion. Jones v. Bock, 549 U.S. 199, 216 (2007) ("...failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or

The requirement that an inmate exhaust administrative remedies applies to all inmate suits regarding prison life, including those that involve general circumstances as well as particular episodes. Porter v. Nussle, 534 U.S. 516 (2002); Concepcion v. Morton, 306 F.3d 1347 (3d Cir. 2002) (for history of exhaustion requirement). Administrative exhaustion must be completed prior to the filing of an action. McCarthy v. Madigan, 503 U.S. 140, 144 (1992). Federal courts are barred from hearing a claim if a plaintiff has failed to exhaust all the available remedies. Grimsley v. Rodriquez, 113 F.3d 1246 (Table), 1997 WL 2356136 (Unpublished Opinion) (10th Cir. May 8, 1997).[2] The exhaustion requirement is not a technicality, rather it is federal law which federal district courts are required to follow. Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000) (by using language "no action shall be brought," Congress has "clearly required exhaustion").[3]

The PLRA also requires "proper exhaustion" meaning that a prisoner must complete the administrative review process in accordance with the applicable procedural rules of that grievance system. Woodford v. Ngo, 548 U.S. 81, 87-91 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules ..."). Importantly, the

---

demonstrate exhaustion in their complaints."). Instead, the failure to exhaust must be asserted and proven by the defendants. Ray v. Kertes, 285 F.3d 287, 295 (3d Cir. 2002).

[2]

Importantly, a plaintiff's failure to exhaust his administrative remedies does not deprive the district court of subject matter jurisdiction. Nyhuis v. Reno, 204 F.3d 65, 69 n.4 (3d Cir. 2000) ("...[W]e agree with the clear majority of courts that §1997e(a) is *not* a jurisdictional requirement, such that failure to comply with the section would deprive federal courts of subject matter jurisdiction.").

[3]

There is no "futility" exception to the administrative exhaustion requirement. Banks v. Roberts, 2007 WL 3096585, at * 1 (3d Cir.) citing Nyhuis, 204 F.3d at 71 ("[Plaintiff's] argument fails under this Court's bright line rule that 'completely precludes a futility exception to the PLRA's mandatory exhaustion requirement.'"). See also Woodford v. Ngo, 548 U.S. 81, 85 (2006) ("Indeed, as we held in *Booth*, a prisoner must now exhaust administrative remedies even where the relief sought-monetary damages-cannot be granted by the administrative process.").

7

exhaustion requirement may not be satisfied "by filing an untimely or otherwise procedurally defective ... appeal." Id. at 83; see also Spruill v. Gillis, 372 F.3d 218, 228-29 (3d Cir. 2004) (utilizing a procedural default analysis to reach the same conclusion) (" Based on our earlier discussion of the PLRA's legislative history, [...] Congress seems to have had three interrelated objectives relevant to our inquiry here: (1) to return control of the inmate grievance process to prison administrators; (2) to encourage development of an administrative record, and perhaps settlements, within the inmate grievance process; and (3) to reduce the burden on the federal courts by erecting barriers to frivolous prisoner lawsuits.").

### 2.	**The Administrative Process Available to Federal Inmates**

No analysis of exhaustion may be made absent an understanding of the administrative process available to state inmates. "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.' The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." Jones v. Bock, 549 U.S. at 218.

The Bureau of Prisons has established a multi-tier system whereby a federal prisoner may seek formal review of any aspect of his imprisonment. 28 C.F.R. §§ 542.10-542.19 (1997). First, "an inmate shall ... present an issue of concern informally to staff, and staff shall attempt to informally resolve the issue before an inmate submits a Request for Administrative Remedy." 28 C.F.R. § 542.13(a). Second, if an inmate at an institution is unable to informally resolve his complaint, he may file "a formal written Administrative Remedy Request, on the appropriate form (BP-9), [within] 20 calendar days following the date on which the basis for the Request

8

occurred." 28 C.F.R. § 542.14(a).  The warden has twenty (20) days in which to respond. 28 C.F.R. § 542.18. An inmate who is not satisfied with the warden's response may submit an appeal, on the appropriate form (BP-10), to the appropriate Regional Director within twenty (20) calendar days from the date the warden signed the response.  28 C.F.R. § 542.15(a).   An inmate who is not satisfied with the Regional Director's response may submit an appeal, on the appropriate form (BP-11), to the General Counsel within thirty (30) calendar days from the date the Regional Director signed the response. Id. The Regional Director has thirty (30) days and the General Counsel has forty (40) days to respond. 28 C.F.R. § 542.18.

### 3. Analysis

In support of their contention that Plaintiff failed to exhaust his administrative remedies, Defendants Quintana and Olson have submitted the Declaration of Vanessa Herbin-Smith, Supervisory Paralegal with the Federal Bureau of Prisons' Northeast Regional Office, who declares, in pertinent part:

> 6. Following a search of [Plaintiff's] administrative remedy index, I determined he had not exhausted his available administrative remedies with respect to any of the issues raised in this civil action. [Plaintiff's] administrative remedy record reflects that during his federal incarceration, he attempted to file six administrative remedy requests and/or appeals.  Of the six administrative remedy filings, three were related to the alleged broken wrist. With respect to the administrative remedy filings concerning the broken wrist, his administrative remedy record reflects the following:
>
> a. **Case Number 53783:**  On May 1, 2009, he filed a Request for Administrative Remedy with the Warden at FCI McKean in which he complained medical personnel misdiagnosed his broken wrist at the outside medical facility.  On May 7, 2009, his Administrative Remedy Request was rejected without a substantive response, because it was untimely-filed.  He was advised the alleged misdiagnoses occurred on April 1, 2009; however, he did not file his appeal until May 1, 2009;
>
> On May 15, 2009, he appealed the rejection of his Administrative Remedy Request to the Bureau of Prisons

9

> Northeast Regional Office. On May 18, 2009, his Regional Administrative Remedy Appeal was rejected without a substantive response. He was advised the Regional Office concurred with the Institution's rejection.
>
> On June 5, 2009, he appealed the rejection to the Bureau of Prisons Central Office. On June 25, 2009, his Central Office Appeal was rejected without a substantive response. He was advised the Central Office concurred with the institution's rejection, and his appeal was untimely filed. He was advised that if he had a current medical issue, he could submit a new form to be reviewed.
>
> 7. After June 25, 2009, [Plaintiff] filed no administrative remedies regarding the medical treatment he received for his wrist.
>
> 8. [Plaintiff's] administrative remedy record does not reflect that he filed a single administrative remedy request or appeal alleging he had been discriminated against based upon his race, ethnic origin or nationality.
>
> \*          \*          \*
>
> 12. In the ordinary course of business, all administrative tort claims filed with any Regional Office of the Federal Bureau of Prisons are loaded and tracked in the Bureau of Prisons computerized index so that rapid verification can be made as to whether an inmate (or civilian) has exhausted or attempted to have exhaust[ed] his or her administrative remedies under the FTCA. Also, hard copies of all administrative tort claims filed within the past two years with the Bureau of Prisons Northeast Regional Office are maintained in a system of records within the Bureau of Prisons Northeast Regional Office. I have reviewed the computerized administrative tort claim records. After a search through these records, I have determined that to date, [Plaintiff] has not filed an administrative tort claim for any issue raised in the Complaint filed in the above-captioned civil action.

(ECF No. 38-1 at ¶¶ 6-8, 12).

In response, Plaintiff contends that he was not required to exhaust his administrative remedies, citing Darby v. Cisneros, 509 U.S. 137 (1994), wherein the Supreme Court held that federal courts lack authority to require a plaintiff to exhaust available administrative remedies before seeking review under the Administrative Procedures Act ("APA"). However, Plaintiff is not seeking review under the APA. Rather, Plaintiff has brought a Bivens action challenging the medical care he received at FCI-McKean, among other things. Moreover, this suit was brought while Plaintiff was an inmate at FCI-McKean and, thus, he was subject to the

exhaustion provisions of the PLRA. It was incumbent upon Plaintiff to exhaust his administrative remedies with regard to the issues raised in this case by pursuing them through the available grievance process at FCI-McKean. This Plaintiff did not do.[4] Thus, Plaintiff has failed to exhaust his administrative remedies with regard to his claims against Defendants Quintana and Olson in this case, and summary judgment will be granted in favor of said Defendants, accordingly.[5]

### D. Defendant Johe

#### 1. Eighth Amendment Deliberate Indifference Claim

Plaintiff claims that his wrist injury was allegedly misdiagnosed as a "wrist sprain" by an unidentified doctor at St. Mary's Regional Medical Center ("St. Mary's"). Since he is the only doctor from St. Mary's named as a Defendant in this action, one would presume that Defendant Johe is the subject of Plaintiff's allegations in this regard. However, this is not at all clear from the complaint, as Plaintiff refers to the doctor responsible for making the alleged misdiagnosis as a female ("**She** said that I did not have a broken wrist"), while Defendant Johe is a male. (See ECF No. 7, Complaint, at p. 1). Nonetheless, the Court will presume that Plaintiff is claiming that Defendant Johe was the doctor responsible for misdiagnosing his wrist injury as a sprain and, in so doing, was deliberately indifferent to Plaintiff's serious medical needs in violation of Plaintiff's Eighth Amendment rights.

In the medical context, a constitutional violation under the Eighth Amendment occurs only when prison officials are deliberately indifferent to an inmate's serious medical needs.

---

[4] The Court notes that Plaintiff has not argued that he was denied the proper grievance forms or that Defendants otherwise interfered with his attempts to file a grievance regarding the issues raised in this case.

[5] Because this Court will grant summary judgment in favor of Defendants Quintana and Olson based upon Plaintiff's failure to exhaust administrative remedies, there is no need to address the other arguments raised by said Defendants in their summary judgment motion.

Estelle v. Gamble, 429 U.S. 97 (1976). "In order to establish a violation of [the] constitutional right to adequate medical care, evidence must show (i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999).

Deliberate indifference to a serious medical need[6] involves the "unnecessary and wanton infliction of pain." Estelle, 429 U.S at 104. Such indifference is manifested by an intentional refusal to provide care, delayed medical treatment for non-medical reasons, denial of prescribed medical treatment, a denial of reasonable requests for treatment that results in suffering or risk of injury, Durmer v. O'Carroll, 991 F.2d 64, 68 (3d Cir. 1993), or "persistent conduct in the face of resultant pain and risk of permanent injury" White v. Napoleon, 897 F.2d 103, 109 (3d Cir. 1990).

Mere misdiagnosis or negligent treatment is not actionable as an Eighth Amendment claim because medical malpractice is not a constitutional violation. Estelle, 429 U.S. at 106. Since Defendant Johe's alleged misdiagnosis is the sole basis for Plaintiff's Eighth Amendment claim against him, such claim is not cognizable and Defendant Johe's motion to dismiss the same will be granted.

### 2. Race Discrimination

Plaintiff makes a general allegation that he was discriminated against based on his race; however, there are no facts alleged to support this claim. In fact, Plaintiff simply alleges that "[t]hey were just showing me nothing but deliberate indifference and discrimination to my race, which as far as I can tell is still illegal in this country." (See ECF No. 7, Complaint, at p. 2). Such a conclusory allegation, without more, fails to put forth "enough facts to state a claim to

---

[6] A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." Monmouth County Correction Institute Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987).

relief that is plausible on its face." Twombly, 550 U.S. at 570.  As a result, Plaintiff's race discrimination claim against Defendant Johe will be dismissed.

       An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RAYMUNDO GARCIA-QUIROZ, )
      Plaintiff, ) Civil Action No. 10-92 Erie
 )
v. )
 )
FRANCISCO QUINTANA, et al, ) Magistrate Judge Baxter
      Defendants. )

# **O R D E R**

AND NOW, this 18th day of October, 2012;

IT IS HEREBY ORDERED that:

1. Defendant Johe's motion to dismiss Plaintiff's complaint [ECF No. 35] is GRANTED; and

2. The motion to dismiss or, in the alternative, motion for summary judgment filed by Defendants Quintana and Olson [ECF No. 37] is GRANTED.

The Clerk is directed to close this case.

                                        /s/ Susan Paradise Baxter
                                        SUSAN PARADISE BAXTER
                                        United States Magistrate Judge